MEYER GROBART ET AL., PROSECUTORS, v. PASSAIC VALLEY WATER COMMISSION, RESPONDENT.

Submitted October 2, 1945—Decided June 7, 1946.

Before Justices Donges, Heher and Colie.

For the prosecutors, *Peter Bentley (John A. Hartpence,* of counsel).

For the respondent, *Benjamin J. Spitz.*

The opinion of the court was delivered by

Colie, J. This writ brings up for review two orders of the Supreme Court. The first order permitted the Passaic Valley Water Commission to amend its petition for the appointment of condemnation commissioners with respect to the daily quantity of water to be condemned; the second order appointed three commissioners to examine the property and assess the damages in the then pending condemnation proceeding.

By chapter 267, laws of 1929, the legislature created a "State Water Policy Commission." By the laws of 1945, chapter 22, article 3, section 8, the State Water Policy Commission was designated as "Department of Conservation, Division of Water Policy and Supply," and under its new title

was given all of the rights and powers of its predecessor. The 1929 statute now appears as *R. S.* 58:1–1, *et seq.*, and section 17 thereof provides that no body such as Passaic Valley Water Commission "shall have power to condemn lands, water or water rights for any new or additional source of water supply, * * * until such * * * commission, * * * has first submitted a petition to the commission (referring to the State Water Policy Commission, now Department of Conservation, Division of Water Policy and Supply) as hereinafter provided, and until the commission shall have approved the same * * *." The petition of the Passaic Valley Water Commission does not contemplate condemnation "for any new or additional source of water supply." The source is neither new nor additional, hence the quoted section has no applicability to the present situation. However, chapter 120, laws of 1931, now *R. S.* 58:6–1 provides that "Every municipal or other corporation now or hereafter organized under any law of this state and engaged in the business of supplying water for public use in one or more municipalities of this state, * * * shall obtain from the state water policy commission * * * the approval of plans for and assent of the state to the *diversion of water for any new or additional water supply* or from any new or additional source or sources of water supply in this state, * * *." (Italics ours.) It is readily seen that whereas *R. S.* 58:1–17 is limited to any new or additional source of water supply, the scope of *R. S.* 58:6–1 is considerably broader and embraces "any new or additional water supply" regardless of the source.

In this proceeding, the Passaic Valley Water Commission sought the right to divert a daily average of 150 million gallons from the Passaic River. The 150 million gallons was reduced to 52.4 million gallons by the first of the two orders under review. The Court of Errors and Appeals in *Grobart* v. *Passaic Valley Water Commission*, 135 *N. J. Eq.* 38, held that the Passaic Valley Water Commission had a prescriptive right to divert a daily average of 22.6 million gallons of water. It needs no argument to point out that an increase of diversion from 22.6 to 52.4 million gallons per day constitutes an additional water supply within the meaning of *R. S.* 58:6–1.

Furthermore, we deem it advisable to point out that the creation of a state water supply commission by the legislature was with the intent of laying down a broad and comprehensive policy for the conservation and protection of waters within the state. *Cf. Jersey City* v. *State Water Policy Commission,* 118 *N. J. L.* 72. The legislative policy would be effectually thwarted if the approval of the Department of Conservation, Division of Water Policy and Supply were dispensed with.

The orders under review were improvidently entered and might be set aside. However, such action might result merely in needless delay and duplication of effort. Accordingly, we direct that all proceedings in this cause be stayed to the end that Passaic Valley Water Commission may apply for the necessary approval of the Department of Conservation. If within sixty days of the filing of this opinion, satisfactory proof of the approval of the Department of Conservation is presented, an order will be presented lifting the stay herein provided for; if not, an order may be presented setting aside the orders under review. Costs, in either event, are allowed to prosecutors.